NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAIGALMAA BATSUKH, et al., <br><br> Petitioners <br><br> v. <br><br> JEFFERSON SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-74005 <br><br> Agency Nos. A88-492-754, A88-492-755, A88-492-756 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2018
San Francisco, California

Before: McKEOWN and BEA, Circuit Judges, and BENITEZ,** District Judge.

The Petitioners in this case—the lead Petitioner, Baigalmaa Batsukh; her husband, Tumbayar Vanchidgorj; and their minor daughter, Nandingarav Tumbayar—are all citizens of Mongolia. Batsukh was employed at a bank in Mongolia. In the course of her job, Batsukh denied a loan to the Geegan Trade

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Company, which was connected to a prominent local businessman and politician named Bataa. After Batsukh denied the loan, her husband Tumbayar was abducted and beaten by Bataa's associates and subsequently received threatening phone calls. Batsukh took a leave of absence from the bank to care for Tumbayar and, in her absence, the loan to Geegan Trade Company was approved.

The Petitioners first came to the United States in June 2002 on visitor's visas. In November 2002, Batsukh and her daughter returned to Mongolia, but Tumbayar remained in the United States because he was afraid to return.

When Batsukh returned to Mongolia, she was assigned to collect on the loan to the Geegan Trade Company. Batsukh threatened to expose a fraud connected to the loan, and in response Bataa threatened her and she was later run down by a car. Batsukh continued to receive threatening phone calls from Bataa's associates while she remained in Mongolia.

In May 2005, Batsukh and her daughter returned to the United States on visitor's visas. Batsukh and her daughter remained in the United States illegally after their visas expired. Between 2005 and 2010, Batsukh's father and brother continued to receive threatening phone calls from Bataa's associates. In 2010, Batsukh's brother moved, but continued to receive threatening phone calls at his new residence.

In March 2010, Batsukh filed an application for asylum, listing Tumbayar and their daughter as derivative applicants. DHS served all three Petitioners with a notice of intent to remove. *See* 8 U.S.C. § 1227(a)(1)(B). The Petitioners appeared before an immigration judge and conceded removability, but sought asylum and withholding of removal. The immigration judge denied the asylum claims as time-barred, granted withholding of removal to Tumbayar and the daughter, and denied withholding of removal to Batsukh. The BIA affirmed the denial of the asylum applications, but granted Batsukh withholding of removal.[1] This petition for review followed and challenges the BIA's ruling with respect to the asylum applications.[2]

We have jurisdiction to review the BIA's rulings concerning the timeliness of Petitioners' asylum applications. *Ramadan v. Gonzales*, 479 14 F.3d 646, 657 (9th Cir. 2007).Where, as in this case, the BIA issues its own opinion, we review the BIA's opinion as the final agency decision. *See Corpuz v. Holder*, 697 F.3d 807, 810 (9th Cir. 2012). We review the BIA's resolution of questions of law de novo and its factual determinations for substantial evidence. *Singh v. Ilchert*, 63 F.3d 1501, 1506 (9th Cir. 1995), *superseded by statute on other grounds*.

---

[1] The government did not appeal the BIA's determinations with respect to withholding of removal.

[2] Although the Petitioners received withholding of removal relief, asylum offers a number of advantages, including a pathway to lawful permanent residence and citizenship.

1. Petitioners argue that their applications are not time barred because the phone calls Batsukh's brother received in 2010 represent changed circumstances. In order to qualify for asylum, an alien must file an application within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). There is no dispute that the Petitioners' applications were filed years after this deadline. An application filed after the deadline may be accepted if the alien demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum . . . ." *Id.* § 1158(a)(2)(D). When interpreting this provision, we have held that "[a]n applicant is not required to file for asylum when his claim appears to him to be weak; rather he may wait until circumstances change and the new facts make it <u>substantially more likely that his claim will entitle him to relief</u> . . . . In such cases, [this court] may recognize changed circumstances." *Vahora v. Holder*, 641 F.3d 1038, 1044 (9th Cir. 2011) (emphasis added) (citations omitted).

The BIA did not err in holding that the phone calls that Batsukh's brother received after he moved in 2010 did not constitute changed circumstances. The fact that Batsukh's brother continued to receive the same threatening phone calls he had received for years did not materially increase the threat to the Petitioners if they were returned to Mongolia and, as a result, did not "make it <u>substantially more likely that [Petitioners'] claim [would] entitle [them] to relief</u>." *Vahora*, 641 F.3d at 1045 (emphasis added). As the BIA recognized, the phone calls were not changed

4

circumstances, but a continuation of the same conduct that had occurred since 2005.

2. Next, Petitioners argue that the time bar should not apply to the daughter's asylum claim because she is a minor. We have previously held that the time bar does not apply to an asylum application filed by a minor, even when the minor is accompanied by a parent and the minor's claim is derivative of his parent's claim. *Himri v. Ashcroft*, 378 F.3d 932 (9th Cir. 2004), *as amended* (Aug. 24, 2004) ("*El Himri*"). *El Himri* precludes the application of the time bar to the daughter's application in this case. As a result, the BIA erred when it denied the daughter's asylum application on the basis that it was time barred.

We DENY the petitions of Baigalmaa Batsukh and Tumbayar Vanchidgorj. We GRANT the daughter's petition and REMAND this case to the BIA for further proceedings not inconsistent with this opinion.